```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION

COREY JAY EVANS,                :   MOTION TO VACATE
BOP No. 58917-019,              :   28 U.S.C. § 2255
     Movant,                    :
                                :   CIVIL ACTION NO.
     v.                         :   1:12-CV-1840-CAP-ECS
                                :
UNITED STATES OF AMERICA,       :   CRIMINAL ACTION NO.
     Respondent.                :   1:07-CR-119-1-CAP-ECS
```

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on federal inmate Corey Jay Evans' motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, the government's response, Mr. Evans' "Motion in Traverse to the Government's Response," and Mr. Evans' "Notification of Supplemental Authority." See [Doc. Nos. 184, 187, 188, 189]. For the following reasons, the undersigned will recommend that Mr. Evans' § 2255 motion be denied and that a certificate of appealability be denied.

In 2007, Mr. Evans was indicted for serious drug trafficking and firearms offenses. See [Doc. No. 20]. The government later filed a Sentencing Information listing a prior state drug felony conviction that it intended to rely upon to enhance Mr. Evans' federal sentence. See [Doc. No. 61]. By identifying only one prior felony in the Sentencing Information, rather than more prior felonies, the government effectively limited the sentencing enhancement that Mr. Evans was facing to a mandatory minimum of

twenty-years imprisonment, rather than life. Aware that the government could revise its Sentencing Information so that he would be facing a mandatory life sentence if convicted and that, as his attorney put it, "the evidence at a trial would certainly be disastrous in terms of an outcome," [Doc. No. 135 at 3], Mr. Evans entered into a negotiated plea agreement (the "Plea Agreement"), see [Doc. No. 107-1].

    The Plea Agreement contained: (1) a limited waiver of Mr. Evans' appeal and collateral attack rights; (2) confirmation that Mr. Evans understood "that no one can predict his exact sentence at this time"; and (3) the government's commitment to (A) "recommend that the defendant be sentenced to the low end of the guideline range" and (B) "receive the two-level adjustment for acceptance of responsibility." See [id. at 3, 5, 7]. Mr. Evans acknowledged that there were "no other agreements, promises, representations, or understandings between the defendant and the Government." See [id. at 8]. Mr. Evans admitted in the Plea Agreement that, in addition to the state felony conviction in the government's previously filed Sentencing Information, he had also been properly convicted of a second felony, which, if included in "an additional notice of aggravation . . . would result in the imposition of a mandatory life sentence." See [id. at 4]. The government agreed not to file such a notice, and Mr. Evans specifically agreed "not to challenge

2

or otherwise collaterally attack the validity of these convictions in any state or federal court." See [id.]. Mr. Evans also certified, among other things, that he had (1) "carefully reviewed" every part of the Plea Agreement, (2) understood it (including the appeal waiver that would "prevent [him], with the narrow exceptions stated, from appealing [his] sentence or challenging [his] sentence in any post-conviction proceeding," and (3) "voluntarily agree[d]" to it. See [id. at 9].

At sentencing, the government honored its commitments to recommend a two-level adjustment for acceptance of responsibility and an overall sentence at the low-end of the guideline range. See [Doc. No. 135 at 5-6, 10]. Mr. Evans, in fact, was sentenced at the low-end of the guideline range (324 to 405 months) on the drug count and to the mandatory consecutive minimum of 60 months on the firearms count, i.e., to a total term of imprisonment of 384 months. See [id. at 10-11].

Mr. Evans now contends in his § 2255 motion that he was "denied his Sixth Amendment right to counsel during the 'off record' plea negotiation process" because his counsel told him:

> (1) if he agreed to plead guilty, the Court would sentence him at the bottom end of the guideline range on Count I; (2) if he agreed to enter the pleas, the Government would agree and thereafter move the District Court for a three-level downward departure pursuant to U.S.S.G. § 3E1.1(b); (3) if he did not agree to plead guilty, the certain sentence would be

3

AO 72A
(Rev.8/82)

> mandatory life; (4) [his co-defendants] had lost their suppression motion, and, thus, they were waiting for Petitioner to proceed to trial, so they could testify for the Government; (5) it was best to plead guilty and mount a collateral attack on the state convictions utilized by the Government for enhancement purposes . . . ; and (6) if the District Court did not sentence Petitioner at a base offense level of 35, and the low end of the guideline range, he could challenge the sentence successfully on appeal, despite the Appeal Waiver contained in the Plea Agreement.

[Doc. No. 184 at 13]. Mr. Evans contends that these "misrepresentations" rendered his entry into the Plea Agreement unknowing and involuntary and entitle him to withdraw his plea. None of these allegations, however, is borne out by the record or otherwise supports a finding that Mr. Evans is entitled to any relief.

First, the Court, in fact, sentenced Mr. Evans at the bottom of the guideline range on Count I. See [Doc. No. 135 at 7]. There was no misrepresentation by his counsel on this account.

Second, Mr. Evans acknowledged in his Plea Agreement that the government would support only a two-level, not a three-level, downward adjustment for acceptance of responsibility. See [Doc. No. 107-1 at 5]. The Court indeed granted Mr. Evans a two-level downward adjustment for acceptance of responsibility. See [Doc. No. 135 at 5-6]. On this score, Mr. Evans got exactly what he and the government had agreed in the Plea Agreement, regardless of

4

whether counsel might have said something different during the plea negotiation process.

Third, Mr. Evans, in fact, admitted in his Plea Agreement that he had been convicted of predicate offenses that would expose him to a mandatory life sentence if the government filed the requisite sentence enhancement notices.  See [Doc. No. 107-1 at 4].  As a matter of federal law, if the government had filed the requisite sentencing enhancement notices identifying qualifying predicate felonies, Mr. Evans would have faced a mandatory life sentence.

Fourth, the willingness of Mr. Evans' co-defendants to testify against him if he proceeded to trial renders his plea neither "unknowing," nor "involuntary."  Mr. Evans has not suggested that this statement was not true.

Fifth, in his Plea Agreement, Mr. Evans specifically abjured any intention of collaterally challenging his prior state felony convictions.  See [107-1 at 4].  It is impermissibly disingenuous of him to now suggest that he always planned to attack collaterally those convictions after his federal sentencing and that his counsel so advised him.  Indeed, Mr. Evans does not allege that he ever filed any such collateral attacks on any of his convictions in state court.

Sixth, the Court sentenced Mr. Evans at the low-end of the Sentencing Guideline Range as a Level 36 offender (with Criminal

History VI), rather than as a Level 35 offender, because he was entitled only to a two-level, not a three-level, downward adjustment, as has been discussed above. Furthermore, Mr. Evans specifically acknowledged in entering into his Plea Agreement that no one could predict his exact sentence before it was later imposed.

In short, Mr. Evans received a sentence with exactly the adjustments - and subject to exactly the limits on his appeal and collateral attack rights - that he had explicitly negotiated and agreed to in his Plea Agreement. Having certified he had read, understood, and voluntarily agreed to enter into the Plea Agreement, Mr. Evans' belated protestations that he expected a "different" deal do not entitle him to relief. The material terms of the Plea Agreement were reviewed with Mr. Evans at his Rule 11 hearing, and he swore under oath that he understood and agreed to them. See [Doc. No. 134 at passim]. Cf. Patel v. United States, 252 F. App'x 970, 976 (11th Cir. 2007) (a § 2255 movant's prior sworn statements are presumed true and he bears a heavy burden to show that those statements were false).

Because Mr. Evans has not alleged facts demonstrating any genuine issues of fact as to whether he received ineffective assistance of counsel such as would render his Plea Agreement

6

unknowing and involuntary, the undersigned **RECOMMENDS** that his § 2255 Motion [Doc. No. 184] be **DENIED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Because Mr. Evans has not demonstrated that he is entitled to federal habeas relief or that the issue is reasonably debatable, the undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

7

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 25th day of February, 2014.


                         ***S/ E. Clayton Scofield III***
                         E. CLAYTON SCOFIELD III
                         UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)