UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COREY JAY EVANS,<br>BOP NO. 58917-019,<br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CRIMINAL ACTION NO.<br>1:07-CR-0119-1-CAP<br><br>CIVIL ACTION NO.<br>1:12-CV-1840-CAP |

**O R D E R**

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 191] and the movant's objections thereto [Doc. No. 193].

In 2007, the movant was indicted for serious drug trafficking and firearms crimes [Doc. No. 20]. On March 5, 2008, the movant entered into a negotiated plea agreement [Doc. No. 107]. Pursuant to the plea agreement, the movant was sentenced to 324 months on the drug count and to the mandatory consecutive minimum of 60 months on the firearms count. In his motion to vacate, the movant now contends that the plea agreement was not

knowingly and voluntarily entered because his attorney made misrepresentations to him.

In the R&R, the magistrate judge determined that the movant received a sentence with exactly the adjustments and subject to exactly the limits on his appeal and collateral attack rights that he had explicitly agreed to in the plea agreement. Moreover, the movant certified that he had read, understood, and voluntarily agreed to enter into the plea agreement. Additionally, at the Rule 11 colloquy, the movant swore under oath that he understood and agreed to the terms of the plea agreement [Doc No. 134 at 11–13]. As the magistrate judge pointed out, the movant failed to allege any facts to support a claim that he received ineffective assistance of counsel that would render his plea agreement unknowing and unvoluntary.

In his objections, the movant points out various factual disagreements with the R&R. Also, he contends that the magistrate judge disregarded his sworn affidavit containing factual claims. The movant is incorrect on both assertions. Moreover, the movant's claims that he was coerced into pleading guilty by his attorney represent nothing more than an effort to completely change his sworn statements in order to obtain a more favorable result. The court finds that the movant understood and voluntarily entered into the plea agreement.

The movant also challenges the magistrate judge's recommendation that he be denied a certificate of appealability ("COA") on the basis that "another court has decided the issue differently in *United States v. Reed*, 719 F.3d 369 (5th Cir. 2013)." The court in *Reed* determined that an evidentiary hearing was necessary when a § 2255 movant submitted his own affidavit containing factual allegations that, if believed, would establish an attorney's deficient performance caused a defendant to reject a plea offer. Here, the movant is arguing that counsel's deficient performance resulted in his agreement to enter a guilty plea. This distinction is important because the court undertook an inquiry into the movant's voluntary and knowing entry of the plea agreement prior to acceptance. Under the facts of the *Reed* case, there was no record to establish that the defendant knowingly and voluntarily rejected a viable plea offer. In other words, the court has not decided the instant § 2255 motion on the grounds that it does not believe the factual allegations in the movant's declaration [Doc. No. 136-2]. Rather, the court has determined that, even if the factual allegations in the affidavit are true, the plea was knowing and voluntary. Therefore, the movant cannot establish that the result of his proceedings would have been different had the alleged misrepresentations of counsel not been made.

4

The R&R [Doc. No. 191] is adopted as the order and opinion of this court. Additionally, as assessed by the magistrate judge, the movant has made no showing of the denial of a constitutional right and is not entitled to a COA.

SO ORDERED, this 28th day of March, 2014.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge